---

## EX PARTE HALE.

A system of laws is created by statutes governing the admission of applicants to the bar of the courts of this State, and prescribing standards of eligibility of the applicants. Under a proper construction of these statutes, a woman is ineligible for admission to the bar.

JUNE 14, 1916.

Application for admission to the bar. Before Judge Pendleton. Fulton superior court. June 25, 1915.

*Mrs. M. A. Hale in propria persona, Samuel P. Maddox,* and *A. L. Henson,* for the applicant.

ATKINSON, J. Mrs. M. A. Hale made application to the superior court of Fulton county for admission to the bar of that court, upon the basis that she was a resident of the county, of good moral character, and that during the years 1910 and 1911 she had attended the Atlanta Law School, an institution authorized by the act of 1893 (Acts 1893, p. 30) to issue diplomas to its graduates, and on June 19, 1911, had graduated from that institution, from which she received a diploma showing that the institution had conferred upon her the degree of bachelor of laws. The application was refused "for the sole reason" that the applicant was a female. Error was assigned upon this judgment. The question of eligibility for admission to the bar has been the subject-matter of legislation in this State for more than a century. In sections 65 and 66 of the judiciary act approved December 23, 1789 (Watkins' Digest of Georgia Laws, 389), there were provisions on this subject, and earlier acts with reference thereto were mentioned and repealed.

From time to time since then the subjct has been dealt with in acts of the legislature and in the several codes, including those which have been regularly adopted and become effective as statutory law. The act of 1897 (Acts of 1897, p. 85), as amended by the act of 1898 (Acts 1898, p. 83), and Civil Code §§ 4930-4939 covering these acts, constitute the latest legislative expressions on the subject. In the Civil Code, § 4930, it is declared: "The following persons, if not specially declared ineligible, are entitled to practice law in the courts of this State. 1. Those who have been regularly licensed under laws of the State before the adoption of this Code. 2. Those who are hereafter licensed in the manner prescribed by law." Section 4932 provides: "Any male citizen of good moral character, who has read law and undergone a satisfactory examination, as hereinafter prescribed, is entitled to plead and practice law in this State." In the Civil Code, §. 4934, it is declared: "Any male person desiring to become a member of the bar of this State shall make a written application to a judge of any superior court, accompanying the application with a certificate from two practicing members of the bar of the State of Georgia as to his moral character, and those certifying to such character shall further state in said certificate that they have examined the applicant upon the various branches of. the law and deem him qualified for admission to the practice of the law. The certificate of character and qualification shall be sealed with the number assumed by the applicant, so that said name shall not be disclosed until the grading of such examinations." Succeeding sections of the code provide for the scope of examination for admission to the bar, for the creation of a board of examiners, and for the holding of examinations of applicants by that board. Then follows Civil Code § 4941, which provides: "All male persons who have successfully passed the examination, with a proper certificate from the board of examiners to that effect, may be duly licensed to practice law in this State, upon taking the oath now provided by law, and may receive a license to practice, upon presentation of said certificate to the clerk of the superior court of his residence, and upon the payment of the fee now provided." Immediately following is section 4942, which is as follows: "No person shall be admitted to the practice of the law in this State excepting under the examination herein provided for; but this law shall not apply to those who

have received diplomas from any law school of this State authorized to issue diplomas to students of law, nor shall it apply to those who have been admitted to the practice of law in other States which by comity admit to practice the duly licensed lawyers of this State." Properly construed, the language, "the following persons, if not specially declared ineligible, are entitled to practice law in the courts of this State," as contained in section 4930, was intended to be exhaustive as to who should be admitted to practice law in the courts of this State, and to exclude all who should not fall within the two classes described in that section, namely, those who have been regularly licensed under the laws of the State before the adoption of the code, and those who are hereafter licensed in the manner prescribed by law. It is contended that the applicant should be included in the second classification. Under the code sections hereinbefore referred to, it is competent to obtain a license predicated upon an examination by the board of examiners, or upon a diploma from any of the law schools of this State authorized to issue diplomas to students of law,—the Atlanta Law School being one of such institutions. Under the Civil Code, § 4932, in order to obtain a license to practice law in any of the courts of this State, predicated either upon examination by the board of examiners or upon a diploma, as indicated above, it is essential, among other things, that the applicant should be a "male citizen of good moral character." Another qualification is that he must have undergone a satisfactory examination as prescribed by the board of examiners, or in lieu thereof that he must have obtained a diploma from one of the law schools of this State authorized to issue diplomas to students of law. He need not have a diploma and be also examined by the board of examiners. This is made plain by the provisions of Civil Code § 4942. It is contended that the words, "but this law shall not apply to those who have received diplomas from any law school of this State authorized to issue diplomas to students of law" (as embodied in the Civil Code, § 4942), had reference to the entire system of law expressed in the preceding sections as to eligibility and admission of applicants to the bar, and hence will permit any person who might have a diploma from one of the law schools of the State to be admitted to the bar merely in virtue of his diploma, without regard to the other provisions of the law as to eligibility and the like.

But the words are not to be so construed. They had reference merely to the other words of section 4932 which preceded them, namely: "No person shall be admitted to the practice of the law in this State, except under the examination herein provided for." When so construed it is manifest that it was intended merely to excuse graduates of the law schools from taking examinations under the board of examiners, and that there was no intention to prescribe for such graduates different standards of eligibility from those given other applicants for admission to the bar. When the statutes of this State are properly construed, a woman by reason of her sex is ineligible to become a member of the bar in this State. It is unnecessary to examine authorities in other courts; but if it be desired to pursue the subject further, reference may be had to 6 Corpus Juris, 574, § 22, and notes to the text.

*Judgment affirmed. All the Justices concur.*